IN THE CIRCUIT COURT OF MADISON COUNTY, MISSISSIPPI
CIVIL DIVISION

THE ESTATE OF TERESA GAINES AND ALL
WRONGFUL DEATH BENEFICIARIES,
SPECIFICALLY INCLUDING EVELYN GAINES,
INDIVIDUALLY AND AS MOTHER, TERRY
GAINES, INDIVIDUALLY AND AS FATHER,
LESLIE M. GAINES, INDIVIDUALLY AND AS
SISTER, and TERRY GAINES, II, INDIVIDUALLY
AND AS BROTHER of TERESA GAINES;

FILED
MADISON COUNTY
JUN 30 2021
ANITA WRAY, CIRCUIT CLERK
BY _____ D.C.

Plaintiffs,

vs.

CASE NO: CF 2021-0176-JM
JURY TRIAL DEMANDED

FEDEX GROUND PACKAGE SYSTEM, INC.,
FEDEX CORPORATION, ANDREW PAIGE
LANDERS,
UPS PROFESSIONAL SERVICES, INC.,
RASHONDA LATRICE KELLER, and ACR
TRUCKING INC.;

Defendant(s).

## ORIGINAL COMPLAINT FOR DAMAGES AND JURY DEMAND

COMES NOW EVELYN GAINES, TERRY GAINES, LESLIE M. GAINES and TERRY

GAINES, S (hereinafter referred to as "Plaintiff(s)") and respectfully files this complaint seeking

recovery to the full extent applicable by law under the Mississippi Actions for Injuries Producing

Death Statute Miss. Code Ann. § 11-7-13 against Defendants FEDEX GROUND PACKAGE

SYSTEM, INC., RASHONDA LATRICE KELLER, UPS PROFESSIONAL SERVICES, INC.,

ANDREW PAIGE LANDERS, and ACR TRUCKING, INC., states and alleges the following:

### I. PARTIES

1.       Plaintiff, Evelyn Gaines, is an adult resident citizen of Gautier, Jackson County,

Mississippi. Evelyn Gaines is the mother of Teresa Gaines, deceased. Evelyn Gaines brings this

ORIGINAL COMPLAINT FOR DAMAGES AND JURY DEMAND                    PAGE 1 OF 28

Exhibit A

action on behalf of the estate and surviving beneficiaries of her deceased daughter, Teresa Gaines (hereinafter referred to as "Ms. Gaines" or "Decedent Gaines"), who was a resident of Madison County Mississippi at the time of her death. Ms. Gaines is survived by: her mother, Evelyn Gaines; her father, Terry Gaines; her sister, Leslie M. Gaines; and her brother, Terry Gaines, II.

2.    Plaintiff, Terry Gaines, is an adult resident citizen of Gauthier Jackson County, Mississippi. Terry Gaines is the father of Teresa Gaines, deceased.

3.    Plaintiff, Leslie M. Gaines, in her individual capacity and as sister of the deceased, is a resident of Madison County, Mississippi.

4.    Plaintiff, Terry Gaines, II, in his individual capacity and as brother of the deceased is a resident of Madison County, Mississippi.

5.    Defendant, FedEx Corporation (hereinafter referred to as "FedEx"), is a Delaware corporation with its principal place of business located at 942 South Shady Grove Road, Memphis, Tennessee 38120. FedEx Corporation provides transportation, e-commerce and business services through subsidiaries within this judicial district and throughout the State of Mississippi. FedEx Corporation may be served with process through its registered agent CT Corporation System at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201, or wherever it may be found.

6.    Defendant FedEx Ground Package System, Inc. (hereinafter referred to as "FedEx Ground") is an interstate package shipping company that is a subsidiary of FedEx Corporation, an American multinational courier delivery services company. FedEx Ground Package System, Inc. is a Delaware corporation with its principal place of business located at 1000 FedEx Drive, moon Township, Pennsylvania 15108. FedEx Ground Package System, Inc. transacts business within this judicial district and throughout the state of Mississippi. FedEx Ground Package System, Inc.

may be served with process through its registered agent CT Corporation System at 124 West Capitol Avenue, Suite 1900, Little Rock Arkansas 72201, or wherever it may be found.

7.    Defendant Rashonda Latrice Keller (hereinafter referred to as "Defendant Keller"), a resident of the State of Tennessee at all relevant times, was the driver of the semi tractor-trailer owned and operated by Defendant ACR Trucking, Inc. that was involved in the collision, which is the subject of this suit. Upon information and belief, Defendant Keller was working in the course and scope of her employment for Defendant FedEx Ground at the time of the collision. Defendant Keller may be served at her address of 2932 South Mendenhall Road, Memphis, Tennessee, 38115, or wherever she may be found.

8.    Defendant UPS Professional Services, Inc. (hereinafter referred to as "UPS"), is a Delaware corporation with its principal place of business located at 55 Glenlake Parkway, Atlanta, Georgia 30328-3474. UPS Professional Services, Inc. transacts business within this judicial district and throughout the State of Mississippi. UPS Professional Services, Inc. may be served with process through its registered agent CSC Lawyers Incorporating SVC, Inc. at 150 South Perry Street, Montgomery, Alabama 36104-4227, or wherever it may be found.

9.    Defendant Andrew Paige Landers (hereinafter referred to as "Defendant Landers"), a resident of the State of Tennessee was the driver of the semi tractor-trailer owned and operated by Defendant UPS that was involved in the collision, which is the subject of this suit. Upon information and belief, Defendant Landers was working in the course and scope of his employment for Defendant UPS at the time of the collision. Defendant Landers may be served at his address of 6148 Quince Road, Memphis, Tennessee 38119, or wherever he may be found

10.    Defendant, ACR Trucking, Inc., is a Mississippi corporation with its principal place of business located at4 1 Kurt Lane, Hauppauge, New York 11788-4705. ACR Trucking, Inc. filed

its home state as Mississippi and transacts business within this judicial district and throughout the State of Mississippi. ACR Trucking, Inc. may be served with process through its registered agent, Kenny Koeneman at 895 Bennet Circle, Byhalia, Mississippi 38611-6162, or wherever it may be found.

## II. JURISDICTION AND VENUE

11.    This Court has jurisdiction over this matter and the parties herein. Plaintiffs have suffered losses and damages within the jurisdictional amount of this Court.

12.    Venue is proper in this Court in that Madison County, Mississippi is the county in which the plaintiff resided at the time of the event or omission giving rise to this cause of action.

## III. FACTS

13.    On October 30, 2019, your client Roshanda Latrice Keller was travelling southbound in the right lane of travel on Interstate I-55 in Madison County in a 2014 International Harvester owned and operated by ACR Trucking, Inc. At all relevant times Keller was operating the tractor-trailer within the course and scope of employment while hauling cargo for FedEx Ground and bearing FedEx's US DOT number.

14.    In the moments leading up to the fatal collision, Teresa Gaines was travelling southbound in her red 2006 Honda Civic when her vehicle became disabled in the roadway near mile marker 122. As Teresa remained in her vehicle, cautiously awaiting assistance, she had no idea these moments would be her last.

15.    Suddenly and without warning, at approximately 6:59 PM, Keller failed to maintain a single lane of travel and recklessly veered into the left lane of travel with complete disregard for Teresa's vehicle that was visibly stopped ahead. The 80,000+ pound tractor-trailer driven by Keller barreled full steam ahead into the left lane and without showing any signs of attempted braking, violently struck Teresa's Honda Civic and propelled it forward beyond the initial point of impact

**ORIGINAL COMPLAINT FOR DAMAGES AND JURY DEMAND**                    **PAGE 4 OF 28**

as the tractor trailer continued forward and crashed into the right bridge railing before coming to a stop.

16.     Travelling immediately behind in the left lane of travel was another 80,000+ pound 2015 Kenworth tractor-trailer driven by Andrew Paige Landers ("Landers") while in the course and scope of his employment hauling cargo for UPS Professional Services, Inc. ("UPS"). Landers failed to pay proper attention to the collision that occurred before him, instead of changing lanes to avoid colliding with the other vehicles, drove his tractor-trailer into the left rear of Teresa's vehicle for a second impact. The force of this second impact propelled Teresa's vehicle forward into the FedEx Ground tractor-trailer that was stopped against the right-hand bridge rail.

17.     As a result of the multiple violent collisions, Teresa's Honda Civic was demolished beyond recognition as it lay in the roadway. Immediately following the multiple impacts, Trooper John M. Harris of the Mississippi Highway Patrol reported to the scene of the collision at approximately 7:10 PM to render aid and complete an investigation. At approximately 8:05 PM Teresa Gaines was pronounced deceased by County Medical examiner and transported to the Mississippi State Medical Examiner's Office where the Madison County Coroner Alex Breeland determined Teresa Gaines died as a result of blunt force trauma.

## IV. CAUSES OF ACTION

### *Negligence Against Roshanda Latrice Keller*

18.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

19.     Defendant Roshanda Latrice Keller had a duty to exercise the degree of care that a reasonable person would use to avoid harm to others under circumstances similar to those described herein. Decedent Gaines sustained grievous injuries proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

20.     The negligent, careless and reckless disregard of duty of the Defendants include the following acts and omissions:

    a.  Failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances.

    b.  Failing to apply brakes to their vehicles in a timely manner to avoid the collision in question.

    c.  Driving their vehicles at a rate of speed that was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances.

    d.  Failing to avoid the collision in question.

    e.  Failing to control speed.

    f.  Failing to be properly attentive.

    g.  Failing to take proper evasive action.

21.     Each of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

### *Negligence Against Andrew Paige Landers*

22.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

23.     Defendants FedEx Ground, ACR Trucking, Inc., Roshanda Latrice Keller, Andrew Paige Landers, and UPS, individually and collectively, had a duty to exercise the degree of care that a reasonable person would use to avoid harm to others under circumstances similar to those described herein. Decedent Gaines sustained grievous injuries proximately caused by Defendants' negligent, careless and reckless disregard of said duty.

24.     The negligent, careless and reckless disregard of duty of the Defendants include the

following acts and omissions:

    a.  Failing to keep such lookout as a person of ordinary prudence would have kept

under the same or similar circumstances.

    b.  Failing to apply brakes to their vehicles in a timely manner to avoid the collision in

question.

    c.  Driving their vehicles at a rate of speed that was greater than that which an

ordinarily prudent person would have driven under the same or similar circumstances.

    d.  Failing to avoid the collision in question.

    e.  Failing to control speed.

    f.  Failing to be properly attentive.

    g.  Failing to take proper evasive action.

25.     Each of these acts and omissions, singularly or in combination with others,

constituted negligence, which proximately caused the occurrence made the basis of this action and

Plaintiff's injuries and damages.

### CAUSES OF ACTION AGAINST FEDEX GROUND PACKAGE SYSTEM, INC.

#### *Negligence Against FedEx Ground Package System, Inc.*

26.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

27.     Defendant FedEx Ground Package System, Inc. had a duty to exercise the degree

of care that a reasonable person would use to avoid harm to others under circumstances similar to

those described herein. Decedent Teresa Gaines sustained grievous injuries proximately caused by

Defendant's negligent, careless and reckless disregard of said duty.

28.     The negligent, careless and reckless disregard of duty of the Defendants include the following acts and omissions:

a.     Failure to use ordinary care in the operation of the International Harvester tractor-trailer;

b.     Failure to use ordinary care in keeping a proper lookout while operating a motor vehicle;

c.     Failure to maintain proper attentiveness while operating a motor vehicle;

d.     Failure to act as a person of ordinary prudence would have under the same or similar circumstances;

e.     Failure to apply brakes to their vehicles in a timely manner to avoid the collision in question;

f.     Failure to take proper evasive action to avoid the collision in question;

g.     Failure to exercise control of the International Harvester tractor-trailer on the roadway;

h.     Failure to maintain control of the International Harvester tractor-trailer on the roadway;

i.     Failure to use ordinary care by changing lanes in an unsafe manner;

j.     Failure to properly maintain lanes of travel while operating the International Harvester tractor-trailer;

k.     Driving their vehicles at a rate of speed that was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

l.     Failure to control speed;

m.      Failure to move to the far-right lane upon approach of an authorized

emergency vehicle;

n.      Any and all other acts of negligence for which Defendants may be held

liable.

29.      Each of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and

### *Vicarious Liability and Respondeat Superior Against FedEx Ground Package System, Inc.*

30.      Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

31.      At the time of the incident that forms the basis of this lawsuit, Defendant Roshanda Latrice Keller was an employee and/or agent of FedEx Ground Package System, Inc. At the time of the incident, there existed an employer-employee relationship between FedEx Corporation, FedEx Ground Package System, Inc. and ACR Trucking, Inc. and an employer-employee relationship between ACR Trucking, Inc. and Defendant Roshanda Latrice Keller. FedEx Ground Package System, Inc. hired ACR Trucking, Inc. to deliver shipments via tractor-trailer delivery. Defendant Roshanda Latrice Keller was acting within the scope of her employment for ACR Trucking, Inc. at the time of the incident and was acting in furtherance of business for FedEx Ground Package System Inc.

32.      Defendant Roshanda Latrice Keller was acting within the scope of her employment in furtherance of business for FedEx Corporation and FedEx Ground Package System, Inc. and her tortious acts were committed within said scope. As such, Plaintiff invokes the common law doctrine of vicarious liability and *respondeat superior* against FedEx Ground Package System,

Inc. for the individual acts and omissions of their respective employee and/or agent that caused the damages to Plaintiff.

33.    Consequently, Plaintiff alleges the following acts and omissions of Defendant FedEx Ground Package System, Inc. as the proximate cause of the death of Decedent Teresa Gaines:

     a.    Failure to exercise a reasonable duty of care under the circumstances;

     b.    Failure to assign qualified, experienced, and trained employees to operate the International Harvester tractor-trailer;

     c.    Failure to properly train employed drivers;

     d.    Failure to ensure proper use of motor vehicles;

     e.    Failure to ensure employees adhere to the rules of the road;

     f.    Failure to ensure employees adhere to Federal Motor Carrier Safety Regulations;

     g.    Failure to ensure employees adhere to company rules and regulations; and

     h.    Any and all other acts of negligence for which the Defendant may be held liable.

34.    Each of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's personal injuries and damages.

35.    Therefore, Defendant FedEx Ground Package System, Inc. is vicariously liable under the doctrine of *respondeat superior*.

### *Negligent Hiring Against FedEx Ground Package System, Inc.*

36.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

37.     Negligent hiring occurs when there is something in an employee's history that would have been found by an adequate background check and that would have put the employer on notice that the employee was predisposed to commit a violent act.

38.     Here, Defendant FedEx Ground Package System, Inc. should have known through an adequate background check of Defendant Roshanda Latrice Keller that Defendant Roshanda Latrice Keller had multiple traffic infractions in her background. This would have given Defendant ACR Trucking, Inc. notice that Defendant Roshanda Latrice Keller was capable of negligent and violent actions such as the acts and omissions that occurred in this incident that resulted in the untimely death of Decedent Teresa Gaines.

### *Negligent Retention Against FedEx Ground Package System, Inc.*

39.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

40.     Negligent retention occurs when during the course of employment, the employer becomes aware of, or should have become aware of problems with an employee that indicated the employee's unfitness for duty, and the employer fails to take action such as investigating, discharging, or reassigning the employee.

41.     Here, Defendant FedEx Ground Package System, Inc. should have become aware of Defendant Roshanda Latrice Keller's problems that indicated that Defendant Roshanda Latrice Keller's negligent acts or omissions on the public roadway could cause grievous injury or untimely death, such as the ones that Decedent Teresa Gaines suffered in this incident.

### *Negligent Supervision Against FedEx Ground Package System, Inc.*

42.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

43.     Negligent supervision occurs when the employer knew or, through the exercise of ordinary care, should have known that the employee's conduct would subject third parties to an unreasonable risk of harm.

44.     Here, Defendant FedEx Ground Package System, Inc. should have known or, through exercise of ordinary care, known that Defendant Roshanda Latrice Keller's negligent acts or omissions would subject innocent third parties to an unreasonable risk of harm, such as the grievous injuries and untimely death suffered by Decedent Teresa Gaines in this incident in question.

### Negligent Entrustment Against FedEx Ground Package System, Inc.

45.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

46.     On the date of the incident in dispute, FedEx Corporation and FedEx Ground Package System, Inc. was the owner and/or operator of the trailer hauled and driven by Defendant Roshanda Latrice Keller. FedEx Corporation and FedEx Ground Package System, Inc. entrusted the trailer to ACR Trucking, Inc. ACR Trucking, Inc. entrusted Defendant Roshanda Latrice Keller with the trailer to deliver in furtherance of business for FedEx Corporation and FedEx Ground Package System, Inc. and allowed Defendant Roshanda Latrice Keller, a reckless and incompetent driver, to deliver the trailer with the 2014 International Harvester tractor-trailer.

47.     Defendant FedEx Corporation knew, or through the exercise of reasonable care should have known, that Defendant Roshanda Latrice Keller was a reckless and incompetent driver. As described herein, Defendant Roshanda Latrice Keller was negligent on the occasion in question. Further, Defendant FedEx Corporation's negligence was the proximate cause of Plaintiff's damages.

48.     Defendant FedEx Ground Package System Inc. knew, or in the exercise of due care should have known, that Defendant Roshanda Latrice Keller was reckless, incompetent, and unfit

driver that would create an unreasonable risk of danger to persons, passengers, and property on the public streets and highways of Mississippi at the time of the entrustment as alleged above.

### CAUSES OF ACTION AGAINST ACR TRUCKING, INC.

#### *Negligence Against ACR Trucking, Inc.*

49.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

50.     Defendant ACR Trucking, Inc. had a duty to exercise the degree of care that a reasonable person would use to avoid harm to others under circumstances similar to those described herein. Decedent Teresa Gaines sustained grievous injuries proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

51.     The negligent, careless and reckless disregard of duty of the Defendants include the following acts and omissions:

a.      Failure to use ordinary care in the operation of the International Harvester tractor-trailer;

b.      Failure to use ordinary care in keeping a proper lookout while operating a motor vehicle;

c.      Failure to maintain proper attentiveness while operating a motor vehicle;

d.      Failure to act as a person of ordinary prudence would have under the same or similar circumstances;

e.      Failure to apply brakes to their vehicles in a timely manner to avoid the collision in question;

f.      Failure to take proper evasive action to avoid the collision in question;

g.      Failure to exercise control of the International Harvester tractor-trailer on the roadway;

h.     Failure to maintain control of the International Harvester tractor-trailer on the
roadway;

i.     Failure to use ordinary care by changing lanes in an unsafe manner;

j.     Failure to properly maintain lanes of travel while operating the International
Harvester tractor-trailer;

k.     Driving their vehicles at a rate of speed that was greater than that which an
ordinarily prudent person would have driven under the same or similar
circumstances;

l.     Failure to control speed;

m.     Failure to move to the far-right lane upon approach approach of an authorized
emergency vehicle;

n.     Any and all other acts of negligence for which Defendants may be held liable.

52.     Each of these acts and omissions, singularly or in combination with others,
constituted negligence, which proximately caused the occurrence made the basis of this action and
Plaintiff's injuries and damages.

### *Vicarious Liability and Respondeat Superior Against ACR Trucking, Inc.*

53.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

54.     At the time of the incident that forms the basis of this lawsuit, Defendant Roshanda
Latrice Keller was an employee and/or agent of Defendant ACR Trucking, Inc., and was acting
within the course and scope of her employment for ACR Trucking, Inc. As such, Plaintiffs invoke
the common law doctrine of vicarious liability against Defendant ACR Trucking, Inc., for the
individual acts and omissions of their respective employee that caused the damages to Plaintiffs.

Consequently, Plaintiffs allege the following acts and omissions of the defendant as the proximate

cause of the death of Teresa Gaines:

    a.  Failure to exercise a reasonable duty of care under the circumstances;

    b.  Failure to assign qualified, experienced, and trained employees to operate the tractor-

       trailer in violation of Federal Motor Carrier Safety Regulations §392.1;

    c.  Failure to ensure proper use of motor vehicles in violation of Federal Motor Carrier

       Safety Regulations §392.1;

    d.  Failure to properly train employed drivers in violation of Federal Motor Carrier Safety

       Regulations §392.1;

    e.  Failure to ensure employees adhere to the rules of the road in violation of Federal Motor

       Carrier Safety Regulations §392.2;

    f.  Any and all other actions or omissions for which Defendant may be found liable for at

       the time of trial.

    55.    Each of these acts and omissions, singularly or in combination with others,

constituted negligence, which proximately caused the occurrence made the basis of this action and

Plaintiffs' damages.

amages.

### *Negligent Hiring Against ACR Trucking, Inc.*

    56.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

    57.    Negligent hiring occurs when there is something in an employee's history that

would have been found by an adequate background check and that would have put the employer

on notice that the employee was predisposed to commit a violent act.

58.     Here, Defendant ACR Trucking Inc. should have known through an adequate background check of Defendant Roshanda Latrice Keller that Defendant Roshanda Latrice Keller had multiple traffic infractions in her background. This would have given Defendant ACR Trucking, Inc. notice that Defendant Roshanda Latrice Keller was capable of negligent and violent actions such as the acts and omissions that occurred in this incident that resulted in the untimely death of Decedent Teresa Gaines.

### Negligent Retention Against ACR Trucking, Inc.

59.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

60.     Negligent retention occurs when during the course of employment, the employer becomes aware of, or should have become aware of problems with an employee that indicated the employee's unfitness for duty, and the employer fails to take action such as investigating, discharging, or reassigning the employee.

61.     Here, Defendant ACR Trucking, Inc. should have become aware of Defendant Roshanda Latrice Keller's problems that indicated that Defendant Roshanda Latrice Keller's negligent acts or omissions on the public roadway could cause grievous injury or untimely death, such as the ones that Decedent Teresa Gaines suffered in this incident.

### Negligent Supervision Against ACR Trucking, Inc.

62.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

63.     Negligent supervision occurs when the employer knew or, through the exercise of ordinary care, should have known that the employee's conduct would subject third parties to an unreasonable risk of harm.

64.     Here, Defendant ACR Trucking, Inc. should have known or, through exercise of ordinary care, known that Defendant Roshanda Latrice Keller's negligent acts or omissions would

subject innocent third parties to an unreasonable risk of harm, such as the grievous injuries and untimely death suffered by Decedent Teresa Gaines in this incident in question.

### Negligent Entrustment Against ACR Trucking, Inc.

65.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

66.     On the date of the incident in dispute, ACR Trucking, Inc. was the owner and/or operator of the vehicle driven by Defendant Roshanda Latrice Keller. ACR Trucking, Inc. entrusted the vehicle to Defendant Roshanda Latrice Keller, a reckless and incompetent driver. Defendants knew, or through the exercise of reasonable care should have known, that Defendant Keller was a reckless and incompetent driver. As described herein, Defendant Keller was negligent on the occasion in question. Further, Defendant Keller's negligence was the proximate cause of Plaintiff's damages.

67.     Defendant ACR Trucking, Inc. knew, or in the exercise of due care should have known, that its employee or agent was an incompetent and unfit driver and would create an unreasonable risk of danger to persons, passengers, and property on the public streets and highways of Mississippi, in that Defendants' employee was reckless and incompetent at the time of the entrustment as alleged above.

## CAUSES OF ACTION AGAINST UPS PROFESSIONAL SERVICES, INC.

### Negligence Against UPS Professional Services, Inc.

68.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

69.     Defendant UPS Professional Services, Inc. had a duty to exercise the degree of care that a reasonable person would use to avoid harm to others under circumstances similar to those described herein. Decedent Teresa Gaines sustained grievous injuries proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

70.     The negligent, careless and reckless disregard of duty of the Defendants include the following acts and omissions:

a.      Failure to use ordinary care in the operation of the Kenworth tractor-trailer;

b.      Failure to use ordinary care in keeping a proper lookout while operating a motor vehicle;

c.      Failure to maintain proper attentiveness while operating a motor vehicle;

d.      Failure to act as a person of ordinary prudence would have under the same or similar circumstances;

e.      Failure to apply brakes to their vehicles in a timely manner to avoid the collision in question;

f.      Failure to take proper evasive action to avoid the collision in question;

g.      Failure to exercise control of the Kenworth tractor-trailer on the roadway;

h.      Failure to maintain control of the Kenworth tractor-trailer on the roadway;

i.      Failure to use ordinary care by changing lanes in an unsafe manner;

j.      Failure to properly maintain lanes of travel while operating the Kenworth tractor-trailer;

k.      Driving their vehicles at a rate of speed that was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

l.      Failure to control speed;

m.      Failure to move to the far-right lane upon approach approach of an authorized emergency vehicle;

n.      Any and all other acts of negligence for which Defendants may be held liable.

71.    Each of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.

***Vicarious Liability and Respondeat Superior Against UPS Professional Services, Inc.***

72.    Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

73.    At the time of the incident that forms the basis of this lawsuit, Defendant Andrew Paige Landers was an employee and/or agent of Defendant UPS Professional Services, Inc., and was acting within the course and scope of his employment for UPS Professional Services, Inc. As such, Plaintiffs invoke the common law doctrine of vicarious liability against Defendant UPS Professional Services, Inc., for the individual acts and omissions of their respective employee that caused the damages to Plaintiffs. Consequently, Plaintiffs allege the following acts and omissions of the defendant as the proximate cause of the death of Teresa Gaines:

a.  Failure to exercise a reasonable duty of care under the circumstances;

   b.  Failure to assign qualified, experienced, and trained employees to operate the tractor-trailer in violation of Federal Motor Carrier Safety Regulations §392.1;

   c.  Failure to ensure proper use of motor vehicles in violation of Federal Motor Carrier Safety Regulations §392.1;

   d.  Failure to properly train employed drivers in violation of Federal Motor Carrier Safety Regulations §392.1;

   e.  Failure to ensure employees adhere to the rules of the road in violation of Federal Motor Carrier Safety Regulations §392.2;

   f.  Any and all other actions or omissions for which Defendant may be found liable for at the time of trial.

74.     Each of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiffs' damages.

### *Negligent Entrustment Against UPS Professional Services, Inc.*

75.     On the date of the incident in dispute, UPS Professional Services, Inc. was the owner and/or operator of the vehicle driven by Defendant Andrew Page Landers. UPS Professional Services, Inc. entrusted the vehicle to Defendant Andrew Paige Landers, a reckless and incompetent driver. Defendants knew, or through the exercise of reasonable care should have known, that Defendant Andrew Paige Landers was a reckless and incompetent driver. As described herein, Defendant Andrew Paige Landers was negligent on the occasion in question. Further, Defendant Andrew Paige Landers' negligence was the proximate cause of Plaintiff's damages.

76.     Defendant UPS Professional Services, Inc. knew, or in the exercise of due care should have known, that its employee or agent was an incompetent and unfit driver and would create an unreasonable risk of danger to persons, passengers, and property on the public streets and highways of Mississippi, in that Defendants' employee was reckless and incompetent at the time of the entrustment as alleged above.

### V. WRONGFUL DEATH

77.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

78.     Pursuant to Miss. Code Ann. § 11-7-13, Plaintiff is entitled to recover from Defendants the actual damages attributable to the wrongful death of Decedent Gaines. Plaintiff is also entitled to recover mental anguish damages. Further, because Defendants' acts and omissions resulted from gross negligence, exemplary damages should be awarded against Defendants in an amount to be determined by the jury in this case.

## VI. SURVIVAL

79.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

80.     Pursuant to Miss Code Ann. § 11-7-13, this action for the injuries sustained by Decedent Gaines survives her death. This statute permits Plaintiff (in her capacity as administratrix) to prosecute and recover compensatory and exemplary damages for the claims set forth above. Accordingly, Plaintiff seeks such damages under Miss. Code Ann. § 11-7-13.

## VII. GROSS NEGLIGENCE

### *Gross Negligence Against FedEx Ground Package System, Inc.*

81.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

82.     Defendant FedEx Ground Package System, Inc.'s acts or omissions described above, when viewed from the standpoint of FedEx Ground Package System, Inc. at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.

83.     Here, Defendant Roshanda Latrice Keller's acts and omissions caused grievous injuries and ultimately an untimely death to Decedent Teresa Gaines. Defendant FedEx Ground Package System, Inc.'s acts or omissions, coupled with Defendant Roshanda Latrice Keller's acts and omissions, both involved an extreme degree of risk. Defendant Roshanda Latrice Keller operated the International Harvester tractor-trailer, failied to maintain a single lane of travel, and veered into the far-left lane, crashing into the Honda Civic that Decedent Teresa Gaines was in. The probability and magnitude of the potential harm of this action, in this case being grievous injury and potential death, is the type of extreme degree of risk that gross negligence entails.

84.     Defendant FedEx Ground Package System, Inc. had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

85.     Here, Defendant FedEx Ground Package System, Inc. had a subjective awareness of the risk involved with the hiring of trucking companies and drivers to deliver their cargo. Defendant FedEx Ground Package System, Inc. should have known that retaining ACR Trucking, Inc., who hired a reckless, incompetent driver such as Defendant Roshanda Latrice Keller, could potentially cause grievous injury or potential death to others on a public roadway. Even with Defendant Roshanda Latrice Keller being a reckless and incompetent driver, Defendant FedEx Ground Package System, Inc. still retained ACR Trucking, Inc., who retained Defendant Roshanda Latrice Keller, and proceeded with conscious indifference to the rights, safety, or welfare of Decedent Teresa Gaines and others

### Gross Negligence Against ACR Trucking, Inc.

86.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

87.     Defendant ACR Trucking, Inc.'s acts or omissions described above, when viewed from the standpoint of ACR Trucking, Inc. at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.

88.     Here, Defendant Roshanda Latrice Keller's acts and omissions caused grievous injuries and ultimately an untimely death to Decedent Teresa Gaines. Defendant ACR Trucking, Inc.'s acts or omissions, coupled with Defendant Roshanda Latrice Keller's acts and omissions, both involved an extreme degree of risk. Defendant Roshanda Latrice Keller operated the International Harvester tractor-trailer , failied to maintain a single lane of travel, and veered into

the far-left lane, crashing into the Honda Civic that Decedent Teresa Gaines was in. The probability and magnitude of the potential harm of this action, in this case being grievous injury and potential death, is the type of extreme degree of risk that gross negligence entails.

89.     Defendant ACR Trucking, Inc. had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

90.     Here, Defendant ACR Trucking, Inc. had a subjective awareness of the risk involved with the hiring drivers to deliver their cargo. Defendant ACR Trucking, Inc. should have known that hiring a reckless, incompetent driver such as Defendant Roshanda Latrice Keller could potentially cause grievous injury or potential death to others on a public roadway. Even with Defendant Roshanda Latrice Keller being a reckless and incompetent driver, Defendant ACR Trucking, Inc. still retained Defendant Roshanda Latrice Keller, and proceeded with conscious indifference to the rights, safety, or welfare of Decedent Teresa Gaines and others.

### Gross Negligence Against Defendant Roshanda Latrice Keller

91.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

92.     Defendant Keller's acts or omissions described above, when viewed from the standpoint of Defendant Keller at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.

93.     Here, Defendant Keller's acts and omissions caused grievous injuries and ultimately an untimely death to Decedent Teresa Gaines. Defendant Keller's acts or omissions involved an extreme degree of risk. Defendant Dunnigan operated the International Harvester tractor-trailer, failied to maintain a single lane of travel, and veered into the far-left lane, crashing into the Honda Civic that Decedent Teresa Gaines was in. The probability and magnitude of the

potential harm of this action, in this case being grievous injury and potential death, is the type of extreme degree of risk that gross negligence entails.

94.     Defendant Keller had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

95.     Here, Defendant Keller had a subjective awareness of the risk involved with driving a large, commercial tractor-trailer on a public roadway. Defendant Keller should have known that driving negligently and with conscious indifference for human life could potentially cause grievous injury or potential death to others on a public roadway. Defendant Keller was a reckless and incompetent driver and proceeded with conscious indifference to the rights, safety, or welfare of Decedent Teresa Gaines and others, resulting in Decedent Teresa Gaines's untimely death.

### Gross Negligence Against UPS Professional Services, Inc.

96.     Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

97.     Defendant UPS Professional Services Inc.'s acts or omissions described above, when viewed from the standpoint of UPS Professional Services Inc. at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.

98.     Here, Defendant Landers acts and omissions caused grievous injuries and ultimately an untimely death to Decedent Teresa Gaines. Defendant UPS Professional Services Inc.'s acts or omissions, coupled with Defendant Landers' acts and omissions, both involved an extreme degree of risk. Defendant Landers operated the Kenworth tractor-trailer, failed to pay proper attention to the collision that occurred before him, and drove his tractor-trailer into the left rear of the Honda Civic that Decedent Teresa Gaines was in. The probability and magnitude of the

potential harm of this action, in this case being grievous injury and potential death, is the type of extreme degree of risk that gross negligence entails.

99.   Defendant UPS Professional Services, Inc. had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

100.   Here, Defendant UPS Professional Services Inc. had a subjective awareness of the risk involved with the hiring of trucking companies and drivers to deliver their cargo. Defendant UPS Professional Services Inc. should have known hiring a reckless, incompetent driver such as Defendant Landers, could potentially cause grievous injury or potential death to others on a public roadway. Even with Defendant Landers being a reckless and incompetent driver, Defendant UPS Professional Services Inc. still retained Defendant Landers, and proceeded with conscious indifference to the rights, safety, or welfare of Decedent Teresa Gaines and others.

### Gross Negligence Against Defendant Andrew Paige Landers

101.   Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

102.   Defendant Landers' acts or omissions described above, when viewed from the standpoint of Defendant Landers at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.

103.   Here, Defendant Landers' acts and omissions caused grievous injuries and ultimately an untimely death to Decedent Teresa Gaines. Defendant Landers' acts or omissions involved an extreme degree of risk. Defendant Landers operated the Kenworth tractor-trailer, failed to pay proper attention to the collision that occurred before him, and drove his tractor-trailer into the left rear of the Honda Civic that Decedent Teresa Gaines was in. The probability and

magnitude of the potential harm of this action, in this case being grievous injury and potential

death, is the type of extreme degree of risk that gross negligence entails.

104.    Defendant Landers had actual, subjective awareness of the risk involved in the

above described acts or omissions, but nevertheless, proceeded with conscious indifference to the

rights, safety, or welfare of Plaintiff and others.

105.    Here, Defendant Landers had a subjective awareness of the risk involved with

driving a large, commercial tractor-trailer on a public roadway. Defendant Landers should have

known that driving negligently and with conscious indifference for human life could potentially

cause grievous injury or potential death to others on a public roadway. Defendant Landers was a

reckless and incompetent driver and proceeded with conscious indifference to the rights, safety, or

welfare of Decedent Teresa Gaines and others, resulting in Decedent Teresa Gaines's untimely

death.

## VIII. DAMAGES

106.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

107.    As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff suffered substantial damages, including the following:

  a.  Physical pain and suffering in the past;

  b.  Physical impairment in the past;

  c.  Loss of future earning capacity;

  d.  Loss of Consortium in the past, including damages to the family relationship,

      loss of care, comfort, solace, companionship, protection, services, and/or

      physical relations;

    e. Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

    f. Loss of Household Services in the past;

    g. Loss of Household Services in the future;

    h. Disfigurement in the past;

    i. Mental anguish in the past; and

    j. Funeral expenses.

108. Plaintiff pleads the maximum amount of punitive damages allowed by law. Such amount is pled by Plaintiff due to the egregious nature of Defendants' conduct and willful disregard for the life of Decedent Gaines and injuries to Plaintiff, and Defendants' substantial financial wealth, inasmuch as the jury is asked to consider that an award of especially significant damages will have a negative economic effect on Defendants' businesses which would, in turn, have the positive effect of deterring Defendants and others like Defendants from operating their financially successful business at the expense of the lives of others.

109. Furthermore, because Defendants knew or ought to have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in injury or damage and continued the conduct with malice or in reckless disregard of the consequences, from which malice may be inferred, Plaintiff is entitled to an award of punitive damages.

### IX. JURY DEMAND

110. Plaintiff demands that all issues of fact in this case be tried to a properly impaneled jury.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays the Defendants be cited to appear and answer herein, and upon a final hearing of the cause, judgment

be entered for Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court and exemplary damages, together with pre-judgment interest (from the date of the incident in dispute through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

*Tanecka Moore*
**Tanecka Moore**
MS Bar No.: 103345
E: taneckam@msn.com
P.O. Box 999
Clinton, MS 39060
P: (601) 842-6834
F: (601) 473-2258

**ATTORNEY FOR PLAINTIFFS**

Madison County Circuit Clerk
P.O. Box 1626
Canton, MS 39046

Re: Estate of Teresa Gaines v. Fedex Ground Package System, Inc. et. al.

Anitra Wray,

      Enclosed please find two (2) copies of Original Complaint for Damages and Jury Demand to be filed with the court with payment of $161.00 for filing fee. I have included a return label and envelope as well.

      Should any questions arise please feel free to contact me at (601) 842-6834.

                        Respectfully,
                        Tanecka Moore

FEE BILL, CIVIL CASES, CIRCUIT COURT

State of Mississippi
Madison County

ESTATE OF TERESA GAINES VS FEDEX GROUND PACKAGES

Case # CI-2021-0176        Acct #         Paid By CHECK 6519        Rct#   92540

```
                    CV CLERK'S FEE                          85.00
                    CV LAW LIBRARY                           2.50
                    CV COURT REPORTER TAX                   10.00
                    CV COURT EDUCATION                       2.00
                    CV COURT ADMINISTRATOR                   2.00
                    CV CIVIL LEGAL ASSISTANCE FUND           5.00
                    CV COMPREHENSIVE ELECTRONIC CT          10.00
                    CV JURY TAX                              3.00
                    CV CONSTITUENTS FE                        .50
                    CV RECORDS MANAGEMENT PROGRAM            1.00
                    CV-JUDICIAL SYS OPERATION FUND          40.00
```

                                                   ==========
                                  Total    $      161.00

Payment received from KELLEY LAW FIRM

Transaction   97636 Received   6/30/2021 at 16:50 Drawer   1 I.D. FMM

Current Balance Due          $0.00                  Receipt Amount $      161.00

  By _____ D.C.  ANITA WRAY, Circuit Clerk

Case # CI-2021-0176        Acct #          Paid By CHECK 6519        Rct#   92540

IN THE CIRCUIT COURT OF MADISON COUNTY, MISSISSIPPI
CIVIL DIVISION

THE ESTATE OF TERESA GAINES AND ALL WRONGFUL
DEATH BENEFICIARIES, SPECIFICALLY INCLUDING
EVELYN GAINES, INDIVIDUALLY AND AS MOTHER,                    PLAINTIFFS
TERRY GAINES, INDIVIDUALLY AND AS FATHER, LESLIE
M. GAINES, INDIVIDUALLY AND AS SISTER, and TERRY
GAINES, II, INDIVIDUALLY AND AS BROTHER of TERESA
GAINES;

vs.                                         CASE NO: 21-176 JM
                                            JURY TRIAL DEMANDED

FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX
CORPORATION, ANDREW PAIGE LANDERS,
UPS PROFESSIONAL SERVICES, INC., RASHONDA LATRICE      DEFENDANTS
KELLER, and ACR TRUCKING INC.;

---

**JURY TRIAL DEMANDED**

---

**SUMMONS**

---

STATE OF MISSISSIPPI

TO:     FedEx Corporation
        CT Corporation System
        124 W. Capitol Avenue, Suite 190
        Little Rock, Arkansas 72201

NOTICE TO DEFENDANT

THE COMPLAINT WHICHIS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE
IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand-deliver a copy of a written response to the Complaint to Attorney Tanecka
Y. Moore, attorney for Plaintiff(s), whose address is Post Office Box 999, Clinton, MS 39060. Your response must
be mailed or delivered within thirty days from the date of delivery of this Summons and Complaint or a judgment by
default will be entered against you for the money or other things demanded in the complaint.

        You must also file the original of your response with the Clerk of this Court within a reasonable time
afterward.

        ISSUED under my hand and seal of said Court, this _23_ day of July, 2021

                                            ANITA WRAY,
                                            MADISON COUNTY CIRCUIT CLERK

                                            _____
                                            DEPUTY CLERK

IN THE CIRCUIT COURT OF MADISON COUNTY, MISSISSIPPI
CIVIL DIVISION

THE ESTATE OF TERESA GAINES AND ALL
WRONGFUL DEATH BENEFICIARIES, SPECIFICALLY
INCLUDING EVELYN GAINES, INDIVIDUALLY AND
AS MOTHER, TERRY GAINES, INDIVIDUALLY AND          **PLAINTIFFS**
AS FATHER, LESLIE M. GAINES, INDIVIDUALLY AND
AS SISTER, and TERRY GAINES, II, INDIVIDUALLY
AND AS BROTHER of TERESA GAINES;

VS.                                             CASE NO: 21- 176 UM
                                                JURY TRIAL DEMANDED

FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX
CORPORATION, ANDREW PAIGE LANDERS,
UPS PROFESSIONAL SERVICES, INC., RASHONDA          **DEFENDANTS**
LATRICE KELLER, and ACR TRUCKING INC.;

---

**JURY TRIAL DEMANDED**

---

**SUMMONS**

---

STATE OF MISSISSIPPI

TO:     FedEx Ground Package System, Inc
        CT Corporation System
        124 W. Capitol Avenue, Suite 190
        Little Rock, Arkansas 72201

NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand-deliver a copy of a written response to the Complaint to Attorney
Tanecka Y. Moore, attorney for Plaintiff(s), whose address is Post Office Box 999, Clinton, MS 39060.
Your response must be mailed or delivered within thirty days from the date of delivery of this Summons
and Complaint or a judgment by default will be entered against you for the money or other things demanded
in the complaint.
        You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.
        ISSUED under my hand and seal of said Court, this ___2B___ day of July, 2021

                                                **ANITA WRAY,**
                                                **MADISON COUNTY, CIRCUIT CLERK**

                                                *Lena Speaks*
                                                DEPUTY CLERK

IN THE CIRCUIT COURT OF MADISON COUNTY, MISSISSIPPI
CIVIL DIVISION

THE ESTATE OF TERESA GAINES AND ALL
WRONGFUL DEATH BENEFICIARIES, SPECIFICALLY
INCLUDING EVELYN GAINES, INDIVIDUALLY AND
AS MOTHER, TERRY GAINES, INDIVIDUALLY AND           PLAINTIFFS
AS FATHER, LESLIE M. GAINES, INDIVIDUALLY AND
AS SISTER, and TERRY GAINES, II, INDIVIDUALLY
AND AS BROTHER of TERESA GAINES;

vs.                                                 CASE NO: 21- 176 JM
                                                    JURY TRIAL DEMANDED

FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX
CORPORATION, ANDREW PAIGE LANDERS,
UPS PROFESSIONAL SERVICES, INC., RASHONDA           DEFENDANTS
LATRICE KELLER, and ACR TRUCKING INC.;

---

### JURY TRIAL DEMANDED

---

### SUMMONS

---

STATE OF MISSISSIPPI

TO:   UPS Professional Services, Inc.
      CSC Lawyers Incorporating SVC, INC
      150 South Perry Street
      Montgomery, Alabama 36104-4227

NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand-deliver a copy of a written response to the Complaint to Attorney
Tanecka Y. Moore, attorney for Plaintiff(s), whose address is Post Office Box 999, Clinton, MS 39060.
Your response must be mailed or delivered within thirty days from the date of delivery of this Summons
and Complaint or a judgment by default will be entered against you for the money or other things demanded
in the complaint.
        You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.
        ISSUED under my hand and seal of said Court, this 23 day of July, 2021

                                            ANITA WRAY,
                                            MADISON COUNTY, CIRCUIT CLERK

                                            Teresa Speaks
                                            DEPUTY CLERK

IN THE CIRCUIT COURT OF MADISON COUNTY, MISSISSIPPI
CIVIL DIVISION

THE ESTATE OF TERESA GAINES AND ALL
WRONGFUL DEATH BENEFICIARIES, SPECIFICALLY
INCLUDING EVELYN GAINES, INDIVIDUALLY AND
AS MOTHER, TERRY GAINES, INDIVIDUALLY AND          PLAINTIFFS
AS FATHER, LESLIE M. GAINES, INDIVIDUALLY AND
AS SISTER, and TERRY GAINES, II, INDIVIDUALLY
AND AS BROTHER of TERESA GAINES;


VS.                                               CASE NO: 21-176 JM
                                                  JURY TRIAL DEMANDED


FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX
CORPORATION, ANDREW PAIGE LANDERS,
UPS PROFESSIONAL SERVICES, INC., RASHONDA          DEFENDANTS
LATRICE KELLER, and ACR TRUCKING INC.;

---

## SUMMONS

STATE OF MISSISSIPPI
TO:    ACR Trucking, Inc.,
       Kenny Koeneman
       895 Bennet Circle
       Byhalia, Mississippi 38611-6162

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand-deliver a copy of a written response to the Complaint to Attorney
Tanecka Y. Moore, attorney for Plaintiff(s), whose address is Post Office Box 999, Clinton, MS 39060.
Your response must be mailed or delivered within thirty days from the date of delivery of this Summons
and Complaint or a judgment by default will be entered against you for the money or other things demanded
in the complaint.
        You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.
        ISSUED under my hand and seal of said Court, this 23 day of July, 2021

                                        ANITA WRAY,
                                        MADISON COUNTY, CIRCUIT CLERK

                                        _____
                                        DEPUTY CLERK

IN THE CIRCUIT COURT OF MADISON COUNTY, MISSISSIPPI
CIVIL DIVISION

THE ESTATE OF TERESA GAINES AND ALL
WRONGFUL DEATH BENEFICIARIES, SPECIFICALLY
INCLUDING EVELYN GAINES, INDIVIDUALLY AND
AS MOTHER, TERRY GAINES, INDIVIDUALLY AND          **PLAINTIFFS**
AS FATHER, LESLIE M. GAINES, INDIVIDUALLY AND
AS SISTER, and TERRY GAINES, II, INDIVIDUALLY
AND AS BROTHER of TERESA GAINES;


vs.                                               CASE NO: 21-176 JM
                                                  JURY TRIAL DEMANDED


FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX
CORPORATION, ANDREW PAIGE LANDERS,
UPS PROFESSIONAL SERVICES, INC., RASHONDA          **DEFENDANTS**
LATRICE KELLER, and ACR TRUCKING INC.;


## SUMMONS

STATE OF MISSISSIPPI

TO:    Andrew Paige Landers
       6148 Quince Road
       Memphis, TN 38119

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU
MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

        You are required to mail or hand-deliver a copy of a written response to the Complaint to Attorney
Tanecka Y. Moore, attorney for Plaintiff(s), whose address is Post Office Box 999, Clinton, MS 39060.
Your response must be mailed or delivered within thirty days from the date of delivery of this Summons
and Complaint or a judgment by default will be entered against you for the money or other things demanded
in the complaint.

        You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

        ISSUED under my hand and seal of said Court, this  23  day of July, 2021

                                        **ANITA WRAY,**
                                        **MADISON COUNTY, CIRCUIT CLERK**

                                        _Teresa Sparks_
                                        DEPUTY CLERK

IN THE CIRCUIT COURT OF MADISON COUNTY, MISSISSIPPI
CIVIL DIVISION

THE ESTATE OF TERESA GAINES AND ALL
WRONGFUL DEATH BENEFICIARIES, SPECIFICALLY
INCLUDING EVELYN GAINES, INDIVIDUALLY AND
AS MOTHER, TERRY GAINES, INDIVIDUALLY AND          **PLAINTIFFS**
AS FATHER, LESLIE M. GAINES, INDIVIDUALLY AND
AS SISTER, and TERRY GAINES, II, INDIVIDUALLY
AND AS BROTHER of TERESA GAINES;

vs.                                                CASE NO: 21- 17u JM
                                                   JURY TRIAL DEMANDED

FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX
CORPORATION, ANDREW PAIGE LANDERS,
UPS PROFESSIONAL SERVICES, INC., RASHONDA           **DEFENDANTS**
LATRICE KELLER, and ACR TRUCKING INC.;

---

## SUMMONS

STATE OF MISSISSIPPI

TO:     Rashonda Latrice Keller
        2932 South Mendenhall Rd
        Memphis, Tennessee 38115

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE
IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

    You are required to mail or hand-deliver a copy of a written response to the Complaint to Attorney Tanecka
Y. Moore, attorney for Plaintiff(s), whose address is Post Office Box 999, Clinton, MS 39060.  Your response must
be mailed or delivered within thirty days from the date of delivery of this Summons and Complaint or a judgment by
default will be entered against you for the money or other things demanded in the complaint.

    You must also file the original of your response with the Clerk of this Court within a reasonable time
afterward.

    ISSUED under my hand and seal of said Court, this 23 day of July, 2021

                                        ANITA WRAY,
                                        MADISON COUNTY, CIRCUIT CLERK

                                        _Teresa Soaks_
                                        DEPUTY CLERK