# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**THE ESTATE OF TERESA GAINES AND ALL WRONGFUL DEATH BENEFICIARIES, SPECIFICALLY INCLUDING EVELYN GAINES, INDIVIDUALLY AND AS MOTHER, TERRY GAINES, INDIVIDUALLY AND AS FATHER, LESLIE M. GAINES, INDIVIDUALLY AND AS SISTER, AND TERRY GAINES, II, INDIVIDUALLY AND AS BROTHER OF TERESA GAINES,**

      **Plaintiffs,**

      **VERSUS**

**FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX CORPORATION, ANDREW PAIGE LANDERS, UNITED PARCEL SERVICE, INC., RASHONDA LATRICE KELLER, AND ACR TRUCKING, INC.,**

      **Defendants.**

**CASE NO.: 3:21-cv-00617-DPJ-LGI**

## PLAINTIFFS' FIRST AMENDED COMPLAINT

COMES NOW EVELYN GAINES, TERRY GAINES, LESLIE M. GAINES and TERRY GAINES, S (hereinafter referred to as "Plaintiff(s)") and respectfully files this complaint seeking recovery to the full extent applicable by law under the Mississippi Actions for Injuries Producing Death Statute Miss. Code Ann. § 11-7-13 against Defendants FEDEX GROUND PACKAGE SYSTEM, INC., FEDEX CORPORATION, RASHONDA LATRICE KELLER, UNITED PARCEL SERVICE, INC., ANDREW PAIGE LANDERS, and ACR TRUCKING, INC., states and alleges the following:

## I. PARTIES

1.      Plaintiff, Evelyn Gaines, is an adult resident citizen of Gautier, Jackson County, Mississippi. Evelyn Gaines is the mother of Teresa Gaines, deceased. Evelyn Gaines brings this action on behalf of the estate and surviving beneficiaries of her deceased daughter, Teresa Gaines (hereinafter referred to as "Ms. Gaines" or "Decedent Gaines"), who was a resident of Madison County Mississippi at the time of her death. Ms. Gaines is survived by: her mother, Evelyn Gaines; her father, Terry Gaines; her sister, Leslie M. Gaines; and her brother, Terry Gaines, II.

2.      Plaintiff, Terry Gaines, is an adult resident citizen of Gauthier Jackson County, Mississippi. Terry Gaines is the father of Teresa Gaines, deceased.

3.      Plaintiff, Leslie M. Gaines, in her individual capacity and as sister of the deceased, is a resident of Madison County, Mississippi.

4.      Plaintiff, Terry Gaines, II, in his individual capacity and as brother of the deceased is a resident of Madison County, Mississippi.

5.      Defendant, FedEx Corporation (hereinafter referred to as "FedEx"), is a Delaware corporation with its principal place of business located at 942 South Shady Grove Road, Memphis, Tennessee 38120. FedEx Corporation provides transportation, e-commerce and business services through subsidiaries within this judicial district and throughout the State of Mississippi. FedEx Corporation may be served with process through its registered agent CT Corporation System at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201, or wherever it may be found.

6.      Defendant FedEx Ground Package System, Inc. (hereinafter referred to as "FedEx Ground") is an interstate package shipping company that is a subsidiary of FedEx Corporation, an American multinational courier delivery services company. FedEx Ground Package System, Inc. is a Delaware corporation with its principal place of business located at 1000 FedEx Drive, Moon

Township, Pennsylvania 15108. FedEx Ground Package System, Inc. transacts business within this judicial district and throughout the state of Mississippi. FedEx Ground Package System, Inc. may be served with process through its registered agent CT Corporation System at 124 West Capitol Avenue, Suite 1900, Little Rock Arkansas 72201, or wherever it may be found.

7.      Defendant Rashonda Latrice Keller (hereinafter referred to as "Defendant Keller"), a resident of the State of Tennessee at all relevant times, was the driver of the semi tractor-trailer owned and operated by Defendant ACR Trucking, Inc. that was involved in the collision, which is the subject of this suit. Upon information and belief, Defendant Keller was working in the course and scope of her employment for Defendant FedEx Ground at the time of the collision. Defendant Keller may be served at her address of 2932 South Mendenhall Road, Memphis, Tennessee, 38115, or wherever she may be found.

8.      Defendant United Parcel Service, Inc. (hereinafter referred to as "UPS"), is an Ohio corporation with its principal place of business located at 55 Glenlake Pkwy, NE, Atlanta, GA 30328. UPS transacts business within this judicial district and throughout the State of Mississippi. United Parcel Service, Inc. may be served with process through its registered agent CSC (Corporation Service Company) of Rankin County, Inc. Mirror Lake Plaza, 2829 Lakeland Drive, Suite 1502, Flowood, MS 39232, or wherever it may be found.

9.      Defendant Andrew Paige Landers (hereinafter referred to as "Defendant Landers"), a resident of the State of Tennessee was the driver of the semi tractor-trailer owned and operated by Defendant UPS that was involved in the collision, which is the subject of this suit. Upon information and belief, Defendant Landers was working in the course and scope of his employment for Defendant UPS at the time of the collision. Defendant Landers may be served at his address of 6148 Quince Road, Memphis, Tennessee 38119, or wherever he may be found.

10.     Defendant, ACR Trucking, Inc., is a Mississippi corporation with its principal place of business located at4 1 Kurt Lane, Hauppauge, New York 11788-4705. ACR Trucking, Inc. filed its home state as Mississippi and transacts business within this judicial district and throughout the State of Mississippi. ACR Trucking, Inc. may be served with process through its registered agent, Kenny Koeneman at 895 Bennet Circle, Byhalia, Mississippi 38611-6162, or wherever it may be found.

## II. JURISDICTION AND VENUE

11.     This Court has jurisdiction over this matter and the parties herein as this matter was removed pursuant to 28 U.S.C. §§ 1441 and 1446. In. addition, the damages for which Plaintiff brings suit exceed $1,000,000.00, which is above the minimal jurisdictional limits of the court for the purposes of diversity jurisdiction.

12.     Venue is proper in this Court in the United States District Court for the Southern District of Mississippi because all or a substantial part of the events or omissions giving rise to the claim occurred in Madison County, Mississippi.

## III. FACTS

13.     On October 30, 2019, Teresa Gaines' 2006 Honda became disabled in the left lane of southbound Interstate 55 in Madison County, Mississippi. Suddenly and without warning, Defendant Keller, while operating a 2014 International Harvester tractor trailer within the course and scope of her employment, veered left from the right southbound lane of Interstate 55 and collided with the left rear portion of Teresa Gaines' stopped vehicle.

14.     The 2014 International Harvester being driven by Defendant Keller was owned and operated by ACR Trucking, Inc. and hauling cargo for FedEx Corporation and FedEx Ground and bearing a FedEx U.S. DOT number. The impact from this initial collision with Defendant Keller propelled Teresa Gaines' vehicle down the roadway. Defendant Keller, still in the 2014

International Harvester, then crashed into the right bridge railing and came to a stop ahead of Teresa Gaines' vehicle.

15.     Following behind Defendant Keller in the 2014 International Harvester was a 2015 Kenworth tractor trailer driven by Defendant Landers while in the course and scope of his employment hauling cargo for UPS. Upon information and belief, the tractor-trailer driven by Defendant Landers was owned and operated by UPS. Defendant Landers, due to his failure to pay proper attention to the roadway and hazards before him, struck the rear of Teresa Gaines' vehicle after its contact with Defendant Keller. This second impact then propelled Teresa Gaines' vehicle back into the rear of the 2014 International Harvester tractor trailer driven by Defendant Keller causing a third and final impact. Upon information and belief, UPS is vicariously liable through the acts and omissions of Defendant Landers.

16.     Defendant Keller was travelling southbound in the right lane of travel on Interstate I-55 in Madison County in a 2014 International Harvester owned and operated by ACR Trucking, Inc. At all relevant times Keller was operating the tractor-trailer within the course and scope of employment while hauling cargo for FedEx and FedEx Ground and bearing a FedEx US DOT number.

17.     As a result of the multiple violent collisions, Teresa Gaines' Honda was demolished beyond recognition as it lay in the roadway. Immediately following the multiple impacts, Trooper John M. Harris of the Mississippi Highway Patrol reported to the scene of the collision at approximately 7:10 PM to render aid and complete an investigation. At approximately 8:05 PM Teresa Gaines was pronounced deceased by County Medical Examiner and transported to the Mississippi State Medical Examiner's Office where the Madison County Coroner, Alex Breeland, determined Teresa Gaines cause of death as a result of blunt force trauma.

## IV. CAUSES OF ACTION

### *Negligence Against Rashonda Latrice Keller*

18.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

19.     Defendant Rashonda Latrice Keller had a duty to exercise the degree of care that a reasonable person would use to avoid harm to others under circumstances similar to those described herein. Decedent Gaines sustained grievous injuries proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

20.     The negligent, careless and reckless disregard of duty of the Defendants include the following acts and omissions:

a.   Failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

b.   Failing to apply brakes to their vehicles in a timely manner to avoid the collision in question;

c.   Driving their vehicles at a rate of speed that was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

d.   Failing to avoid the collision in question;

e.   Failing to control speed;

f.   Failing to be properly attentive; and

g.   Failing to take proper evasive action.

21.     Each of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages.

*Negligence Against Andrew Paige Landers*

22.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

23.     Defendant Andrew Paige Landers, and UPS, individually and collectively, had a duty to exercise the degree of care that a reasonable person would use to avoid harm to others under circumstances similar to those described herein. Decedent Gaines sustained grievous injuries proximately caused by Defendants' negligent, careless and reckless disregard of said duty.

24.     The negligent, careless and reckless disregard of duty of the Defendants include the following acts and omissions:

a.  Failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

b.  Failing to apply brakes to their vehicles in a timely manner to avoid the collision in question;

c.  Driving their vehicles at a rate of speed that was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

d.  Failing to avoid the collision in question;

e.  Failing to control speed;

f.  Failing to be properly attentive; and

g.  Failing to take proper evasive action.

25.     Each of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages.

## CAUSES OF ACTION AGAINST FEDEX GROUND PACKAGE SYSTEM, INC.

### *Negligence Against FedEx Ground Package System, Inc.*

26.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

27.     Defendant FedEx Ground Package System, Inc. had a duty to exercise the degree of care that a reasonable person would use to avoid harm to others under circumstances similar to those described herein. Decedent Teresa Gaines sustained grievous injuries proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

28.     The negligent, careless and reckless disregard of duty of the Defendants include the following acts and omissions:

a.     Failure to use ordinary care in the operation of the International Harvester tractor-trailer;

b.     Failure to use ordinary care in keeping a proper lookout while operating a motor vehicle;

c.     Failure to maintain proper attentiveness while operating a motor vehicle;

d.     Failure to act as a person of ordinary prudence would have under the same or similar circumstances;

e.     Failure to apply brakes to their vehicles in a timely manner to avoid the collision in question;

f.     Failure to take proper evasive action to avoid the collision in question;

g.     Failure to exercise control of the International Harvester tractor-trailer on the roadway;

h.     Failure to maintain control of the International Harvester tractor-trailer on the roadway;

i.      Failure to use ordinary care by changing lanes in an unsafe manner;

j.      Failure to properly maintain lanes of travel while operating the International Harvester tractor-trailer;

k.      Driving their vehicles at a rate of speed that was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

l.      Failure to control speed;

m.      Failure to move to the far-right lane upon approach of an authorized emergency vehicle; and

n.      Any and all other acts of negligence for which Defendants may be held liable.

29.      Each of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiffs' injuries.

### *Vicarious Liability and Respondeat Superior Against FedEx Ground Package System, Inc.*

30.      Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

31.      At the time of the incident that forms the basis of this lawsuit, Defendant Rashonda Latrice Keller was an employee and/or agent of FedEx Ground Package System, Inc. At the time of the incident, there existed an employer-employee relationship between FedEx Corporation, FedEx Ground Package System, Inc. and ACR Trucking, Inc. and an employer-employee relationship between ACR Trucking, Inc. and Defendant Rashonda Latrice Keller. FedEx Ground Package System, Inc. hired ACR Trucking, Inc. to deliver shipments via tractor-trailer delivery. Defendant Rashonda Latrice Keller was acting within the scope of her employment for ACR

Trucking, Inc. at the time of the incident and was acting in furtherance of business for FedEx Ground Package System Inc.

32.     Defendant Rashonda Latrice Keller was acting within the scope of her employment in furtherance of business for FedEx Corporation and FedEx Ground Package System, Inc. and her tortious acts were committed within said scope. As such, Plaintiffs invoke the common law doctrine of vicarious liability and *respondeat superior* against FedEx Ground Package System, Inc. for the individual acts and omissions of their respective employee and/or agent that caused the damages to Plaintiffs.

33.     Consequently, Plaintiffs allege the following acts and omissions of Defendant FedEx Ground Package System, Inc. as the proximate cause of the death of Decedent Teresa Gaines:

   a.     Failure to exercise a reasonable duty of care under the circumstances;

   b.     Failure to assign qualified, experienced, and trained employees to operate the International Harvester tractor-trailer;

   c.     Failure to properly train employed drivers;

   d.     Failure to ensure proper use of motor vehicles;

   e.     Failure to ensure employees adhere to the rules of the road;

   f.     Failure to ensure employees adhere to Federal Motor Carrier Safety Regulations;

   g.     Failure to ensure employees adhere to company rules and regulations; and

   h.     Any and all other acts of negligence for which the Defendant may be held liable.

34.     Each of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiffs' personal injuries and damages.

35.     Therefore, Defendant FedEx Ground Package System, Inc. is vicariously liable under the doctrine of *respondeat superior*.

### Negligent Hiring Against FedEx Ground Package System, Inc.

36.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

37.     Negligent hiring occurs when there is something in an employee's history that would have been found by an adequate background check and that would have put the employer on notice that the employee was predisposed to commit a violent act.

38.     Here, Defendant FedEx Ground Package System, Inc. should have known through an adequate background check of Defendant Rashonda Latrice Keller that Defendant Rashonda Latrice Keller had multiple traffic infractions in her background. This would have given Defendant ACR Trucking, Inc. notice that Defendant Rashonda Latrice Keller was capable of negligent and violent actions such as the acts and omissions that occurred in this incident that resulted in the untimely death of Decedent Teresa Gaines.

### Negligent Retention Against FedEx Ground Package System, Inc.

39.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

40.     Negligent retention occurs when during the course of employment, the employer becomes aware of, or should have become aware of problems with an employee that indicated the employee's unfitness for duty, and the employer fails to take action such as investigating, discharging, or reassigning the employee.

41.     Here, Defendant FedEx Ground Package System, Inc. should have become aware of Defendant Rashonda Latrice Keller's problems that indicated that Defendant Rashonda Latrice Keller's negligent acts or omissions on the public roadway could cause grievous injury or untimely death, such as the ones that Decedent Teresa Gaines suffered in this incident.

### *Negligent Supervision Against FedEx Ground Package System, Inc.*

42.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

43.     Negligent supervision occurs when the employer knew or, through the exercise of ordinary care, should have known that the employee's conduct would subject third parties to an unreasonable risk of harm.

44.     Here, Defendant FedEx Ground Package System, Inc. should have known or, through exercise of ordinary care, known that Defendant Rashonda Latrice Keller's negligent acts or omissions would subject innocent third parties to an unreasonable risk of harm, such as the grievous injuries and untimely death suffered by Decedent Teresa Gaines in this incident in question.

### *Negligent Entrustment Against FedEx Ground Package System, Inc.*

45.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

46.     On the date of the incident in dispute, FedEx Corporation and FedEx Ground Package System, Inc. was the owner and/or operator of the trailer hauled and driven by Defendant Rashonda Latrice Keller. FedEx Corporation and FedEx Ground Package System, Inc. entrusted the trailer to ACR Trucking, Inc. ACR Trucking, Inc. entrusted Defendant Rashonda Latrice Keller with the trailer to deliver in furtherance of business for FedEx Corporation and FedEx Ground Package System, Inc. and allowed Defendant Rashonda Latrice Keller, a reckless and incompetent driver, to deliver the trailer with the 2014 International Harvester tractor-trailer.

47.     Defendant FedEx Corporation knew, or through the exercise of reasonable care should have known, that Defendant Rashonda Latrice Keller was a reckless and incompetent driver. As described herein, Defendant Rashonda Latrice Keller was negligent on the occasion in question. Further, Defendant FedEx Corporation's negligence was the proximate cause of Plaintiffs' damages.

48.     Defendant FedEx Ground Package System Inc. knew, or in the exercise of due care should have known, that Defendant Rashonda Latrice Keller was reckless, incompetent, and unfit driver that would create an unreasonable risk of danger to persons, passengers, and property on the public streets and highways of Mississippi at the time of the entrustment as alleged above.

## CAUSES OF ACTION AGAINST ACR TRUCKING, INC.

### *Negligence Against ACR Trucking, Inc.*

49.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

50.     Defendant ACR Trucking, Inc. had a duty to exercise the degree of care that a reasonable person would use to avoid harm to others under circumstances similar to those described herein. Decedent Teresa Gaines sustained grievous injuries proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

51.     The negligent, careless and reckless disregard of duty of the Defendants include the following acts and omissions:

a.      Failure to use ordinary care in the operation of the International Harvester tractor-trailer;

b.      Failure to use ordinary care in keeping a proper lookout while operating a motor vehicle;

c.      Failure to maintain proper attentiveness while operating a motor vehicle;

d.      Failure to act as a person of ordinary prudence would have under the same or similar circumstances;

e.      Failure to apply brakes to their vehicles in a timely manner to avoid the collision in question;

f.      Failure to take proper evasive action to avoid the collision in question;

g.     Failure to exercise control of the International Harvester tractor-trailer on the roadway;

h.     Failure to maintain control of the International Harvester tractor-trailer on the roadway;

i.     Failure to use ordinary care by changing lanes in an unsafe manner;

j.     Failure to properly maintain lanes of travel while operating the International Harvester tractor-trailer;

k.     Driving their vehicles at a rate of speed that was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

l.     Failure to control speed;

m.     Failure to move to the far-right lane upon approach approach of an authorized emergency vehicle; and

n.     Any and all other acts of negligence for which Defendants may be held liable.

52.     Each of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages.

### *Vicarious Liability and Respondeat Superior Against ACR Trucking, Inc.*

53.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

54.     At the time of the incident that forms the basis of this lawsuit, Defendant Rashonda Latrice Keller was an employee and/or agent of Defendant ACR Trucking, Inc., and was acting within the course and scope of her employment for ACR Trucking, Inc. As such, Plaintiffs invoke the common law doctrine of vicarious liability against Defendant ACR Trucking, Inc., for the

individual acts and omissions of their respective employee that caused the damages to Plaintiffs. Consequently, Plaintiffs allege the following acts and omissions of the defendant as the proximate cause of the death of Teresa Gaines:

    a.   Failure to exercise a reasonable duty of care under the circumstances;

    b.   Failure to assign qualified, experienced, and trained employees to operate the tractor-trailer in violation of Federal Motor Carrier Safety Regulations §392.1;

    c.   Failure to ensure proper use of motor vehicles in violation of Federal Motor Carrier Safety Regulations §392.1;

    d.   Failure to properly train employed drivers in violation of Federal Motor Carrier Safety Regulations §392.1;

    e.   Failure to ensure employees adhere to the rules of the road in violation of Federal Motor Carrier Safety Regulations §392.2; and

    f.   Any and all other actions or omissions for which Defendant may be found liable for at the time of trial.

55.    Each of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiffs' damages.

### *Negligent Hiring Against ACR Trucking, Inc.*

56.    Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

57.    Negligent hiring occurs when there is something in an employee's history that would have been found by an adequate background check and that would have put the employer on notice that the employee was predisposed to commit a violent act.

58.     Here, Defendant ACR Trucking Inc. should have known through an adequate background check of Defendant Rashonda Latrice Keller that Defendant Rashonda Latrice Keller had multiple traffic infractions in her background. This would have given Defendant ACR Trucking, Inc. notice that Defendant Rashonda Latrice Keller was capable of negligent and violent actions such as the acts and omissions that occurred in this incident that resulted in the untimely death of Decedent Teresa Gaines.

### Negligent Retention Against ACR Trucking, Inc.

59.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

60.     Negligent retention occurs when during the course of employment, the employer becomes aware of, or should have become aware of problems with an employee that indicated the employee's unfitness for duty, and the employer fails to take action such as investigating, discharging, or reassigning the employee.

61.     Here, Defendant ACR Trucking, Inc. should have become aware of Defendant Rashonda Latrice Keller's problems that indicated that Defendant Rashonda Latrice Keller's negligent acts or omissions on the public roadway could cause grievous injury or untimely death, such as the ones that Decedent Teresa Gaines suffered in this incident.

### Negligent Supervision Against ACR Trucking, Inc.

62.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

63.     Negligent supervision occurs when the employer knew or, through the exercise of ordinary care, should have known that the employee's conduct would subject third parties to an unreasonable risk of harm.

64.     Here, Defendant ACR Trucking, Inc. should have known or, through exercise of ordinary care, known that Defendant Rashonda Latrice Keller's negligent acts or omissions would

subject innocent third parties to an unreasonable risk of harm, such as the grievous injuries and untimely death suffered by Decedent Teresa Gaines in this incident in question.

### *Negligent Entrustment Against ACR Trucking, Inc.*

65.    Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

66.    On the date of the incident in dispute, ACR Trucking, Inc. was the owner and/or operator of the vehicle driven by Defendant Rashonda Latrice Keller. ACR Trucking, Inc. entrusted the vehicle to Defendant Rashonda Latrice Keller, a reckless and incompetent driver. Defendants knew, or through the exercise of reasonable care should have known, that Defendant Keller was a reckless and incompetent driver. As described herein, Defendant Keller was negligent on the occasion in question. Further, Defendant Keller's negligence was the proximate cause of Plaintiffs' damages.

67.    Defendant ACR Trucking, Inc. knew, or in the exercise of due care should have known, that its employee or agent was an incompetent and unfit driver and would create an unreasonable risk of danger to persons, passengers, and property on the public streets and highways of Mississippi, in that Defendants' employee was reckless and incompetent at the time of the entrustment as alleged above.

### CAUSES OF ACTION AGAINST UNITED PARCEL SERVICE, INC.

### *Negligence Against United Parcel Service, Inc.*

68.    Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

69.    Defendant UPS had a duty to exercise the degree of care that a reasonable person would use to avoid harm to others under circumstances similar to those described herein through its employee and/or agent Defendant Landers. Decedent Teresa Gaines sustained grievous injuries proximately caused by Defendant's negligent, careless and reckless disregard of said duty.

70.     The negligent, careless and reckless disregard of duty of the Defendants include the following acts and omissions:

a.      Failure to use ordinary care in the operation of the Kenworth tractor-trailer;

b.      Failure to use ordinary care in keeping a proper lookout while operating a motor vehicle;

c.      Failure to maintain proper attentiveness while operating a motor vehicle;

d.      Failure to act as a person of ordinary prudence would have under the same or similar circumstances;

e.      Failure to apply brakes to their vehicles in a timely manner to avoid the collision in question;

f.      Failure to take proper evasive action to avoid the collision in question;

g.      Failure to exercise control of the Kenworth tractor-trailer on the roadway;

h.      Failure to maintain control of the Kenworth tractor-trailer on the roadway;

i.      Failure to use ordinary care by changing lanes in an unsafe manner;

j.      Failure to properly maintain lanes of travel while operating the Kenworth tractor-trailer;

k.      Driving their vehicles at a rate of speed that was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;

l.      Failure to control speed;

m.      Failure to move to the far-right lane upon approach approach of an authorized emergency vehicle; and

n.      Any and all other acts of negligence for which Defendants may be held liable.

71.     Each of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiffs' injuries and damages.

### *Vicarious Liability and Respondeat Superior Against United Parcel Service, Inc.*

72.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

73.     At the time of the incident that forms the basis of this lawsuit, Defendant Andrew Paige Landers was an employee and/or agent of Defendant UPS and was acting within the course and scope of his employment for UPS. As such, Plaintiffs invoke the common law doctrine of vicarious liability against Defendant UPS, for the individual acts and omissions of their respective employee that caused the damages to Plaintiffs. Consequently, Plaintiffs allege the following acts and omissions of the defendant as the proximate cause of the death of Teresa Gaines:

a.   Failure to exercise a reasonable duty of care under the circumstances;

b.   Failure to assign qualified, experienced, and trained employees to operate the tractor-trailer in violation of Federal Motor Carrier Safety Regulations §392.1;

c.   Failure to ensure proper use of motor vehicles in violation of Federal Motor Carrier Safety Regulations §392.1;

d.   Failure to properly train employed drivers in violation of Federal Motor Carrier Safety Regulations §392.1;

e.   Failure to ensure employees adhere to the rules of the road in violation of Federal Motor Carrier Safety Regulations §392.2; and

f.   Any and all other actions or omissions for which Defendant may be found liable for at the time of trial.

74.     Each of these acts and omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiffs' damages.

### Negligent Retention Against United Parcel Service, Inc.

75.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

76.     Negligent retention occurs when during the course of employment, the employer becomes aware of, or should have become aware of problems with an employee that indicated the employee's unfitness for duty, and the employer fails to take action such as investigating, discharging, or reassigning the employee.

77.     Here, UPS should have become aware of Defendant Andrew Paige Landers' problems that indicated that Defendant Andrew Paige Landers' negligent acts or omissions on the public roadway could cause grievous injury or untimely death, such as the ones that Decedent Teresa Gaines suffered in this incident.

### Negligent Supervision Against United Parcel Service, Inc.

78.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

79.     Negligent supervision occurs when the employer knew or, through the exercise of ordinary care, should have known that the employee's conduct would subject third parties to an unreasonable risk of harm.

80.     Here, Defendant UPS should have known or, through exercise of ordinary care, known that Defendant Andrew Paige Landers' negligent acts or omissions would subject innocent third parties to an unreasonable risk of harm, such as the grievous injuries and untimely death suffered by Decedent Teresa Gaines in this incident in question.

### Negligent Entrustment Against United Parcel Service, Inc.

81.     On the date of the incident in dispute, UPS was the owner and/or operator of the vehicle driven by Defendant Andrew Page Landers. UPS entrusted the vehicle to Defendant Andrew Paige Landers, a reckless and incompetent driver. Defendants knew, or through the exercise of reasonable care should have known, that Defendant Andrew Paige Landers was a reckless and incompetent driver. As described herein, Defendant Andrew Paige Landers was negligent on the occasion in question. Further, Defendant Andrew Paige Landers' negligence was the proximate cause of Plaintiffs' damages.

82.     Defendant UPS knew, or in the exercise of due care should have known, that its employee or agent was an incompetent and unfit driver and would create an unreasonable risk of danger to persons, passengers, and property on the public streets and highways of Mississippi, in that Defendants' employee was reckless and incompetent at the time of the entrustment as alleged above.

## V. WRONGFUL DEATH

83.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

84.     Pursuant to Miss. Code Ann. § 11-7-13, Plaintiffs are entitled to recover from Defendants the actual damages attributable to the wrongful death of Decedent Gaines. Plaintiffs are also entitled to recover mental anguish damages. Further, because Defendants' acts and omissions resulted from gross negligence, exemplary damages should be awarded against Defendants in an amount to be determined by the jury in this case.

## VI. SURVIVAL

85.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

86.     Pursuant to Miss Code Ann. § 11-7-13, this action for the injuries sustained by Decedent Gaines survives her death. This statute permits Plaintiffs (in her capacity as administratrix) to prosecute and recover compensatory and exemplary damages for the claims set

forth above. Accordingly, Plaintiffs seek such damages under Miss. Code Ann. § 11-7-13.

## VII. GROSS NEGLIGENCE

### *Gross Negligence Against FedEx Ground Package System, Inc.*

87.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

88.     Defendant FedEx Ground Package System, Inc.'s acts or omissions described above, when viewed from the standpoint of FedEx Ground Package System, Inc. at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others.

89.     Here, Defendant Rashonda Latrice Keller's acts and omissions caused grievous injuries and ultimately an untimely death to Decedent Teresa Gaines. Defendant FedEx Ground Package System, Inc.'s acts or omissions, coupled with Defendant Rashonda Latrice Keller's acts and omissions, both involved an extreme degree of risk. Defendant Rashonda Latrice Keller operated the International Harvester tractor-trailer, failied to maintain a single lane of travel, and veered into the far-left lane, crashing into the Honda Civic that Decedent Teresa Gaines was in. The probability and magnitude of the potential harm of this action, in this case being grievous injury and potential death, is the type of extreme degree of risk that gross negligence entails.

90.     Defendant FedEx Ground Package System, Inc. had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

91.     Here, Defendant FedEx Ground Package System, Inc. had a subjective awareness of the risk involved with the hiring of trucking companies and drivers to deliver their cargo. Defendant FedEx Ground Package System, Inc. should have known that retaining ACR Trucking, Inc., who hired a reckless, incompetent driver such as Defendant Rashonda Latrice Keller, could

potentially cause grievous injury or potential death to others on a public roadway. Even with Defendant Rashonda Latrice Keller being a reckless and incompetent driver, Defendant FedEx Ground Package System, Inc. still retained ACR Trucking, Inc., who retained Defendant Rashonda Latrice Keller, and proceeded with conscious indifference to the rights, safety, or welfare of Decedent Teresa Gaines and others

### *Gross Negligence Against ACR Trucking, Inc.*

92.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

93.     Defendant ACR Trucking, Inc.'s acts or omissions described above, when viewed from the standpoint of ACR Trucking, Inc. at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others.

94.     Here, Defendant Rashonda Latrice Keller's acts and omissions caused grievous injuries and ultimately an untimely death to Decedent Teresa Gaines. Defendant ACR Trucking, Inc.'s acts or omissions, coupled with Defendant Rashonda Latrice Keller's acts and omissions, both involved an extreme degree of risk. Defendant Rashonda Latrice Keller operated the International Harvester tractor-trailer , failied to maintain a single lane of travel, and veered into the far-left lane, crashing into the Honda Civic that Decedent Teresa Gaines was in. The probability and magnitude of the potential harm of this action, in this case being grievous injury and potential death, is the type of extreme degree of risk that gross negligence entails.

95.     Defendant ACR Trucking, Inc. had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

96.     Here, Defendant ACR Trucking, Inc. had a subjective awareness of the risk involved with the hiring drivers to deliver their cargo. Defendant ACR Trucking, Inc. should have known that hiring a reckless, incompetent driver such as Defendant Rashonda Latrice Keller could potentially cause grievous injury or potential death to others on a public roadway. Even with Defendant Rashonda Latrice Keller being a reckless and incompetent driver, Defendant ACR Trucking, Inc. still retained Defendant Rashonda Latrice Keller, and proceeded with conscious indifference to the rights, safety, or welfare of Decedent Teresa Gaines and others.

### Gross Negligence Against Defendant Rashonda Latrice Keller

97.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

98.     Defendant Keller's acts or omissions described above, when viewed from the standpoint of Defendant Keller at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others.

99.     Here, Defendant Keller's acts and omissions caused grievous injuries and ultimately an untimely death to Decedent Teresa Gaines. Defendant Keller's acts or omissions involved an extreme degree of risk. Defendant Dunnigan operated the International Harvester tractor-trailer, failed to maintain a single lane of travel, and veered into the far-left lane, crashing into the Honda Civic that Decedent Teresa Gaines was in. The probability and magnitude of the potential harm of this action, in this case being grievous injury and potential death, is the type of extreme degree of risk that gross negligence entails.

100.     Defendant Keller had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

101.     Here, Defendant Keller had a subjective awareness of the risk involved with driving a large, commercial tractor-trailer on a public roadway. Defendant Keller should have known that driving negligently and with conscious indifference for human life could potentially cause grievous injury or potential death to others on a public roadway. Defendant Keller was a reckless and incompetent driver and proceeded with conscious indifference to the rights, safety, or welfare of Decedent Teresa Gaines and others, resulting in Decedent Teresa Gaines's untimely death.

### *Gross Negligence Against United Parcel Service, Inc.*

102.     Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

103.     Defendant UPS's acts or omissions described above, when viewed from the standpoint of UPS at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others.

104.     Here, Defendant Landers acts and omissions caused grievous injuries and ultimately an untimely death to Decedent Teresa Gaines. Defendant UPS's acts or omissions, coupled with Defendant Landers' acts and omissions, both involved an extreme degree of risk. Defendant Landers operated the Kenworth tractor-trailer, failed to pay proper attention to the collision that occurred before him, and drove his tractor-trailer into the left rear of the Honda Civic that Decedent Teresa Gaines was in. The probability and magnitude of the potential harm of this action, in this case being grievous injury and potential death, is the type of extreme degree of risk that gross negligence entails.

105.     Defendant UPS had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

106.    Here, Defendant UPS had a subjective awareness of the risk involved with the hiring of trucking companies and drivers to deliver their cargo. Defendant UPS should have known hiring a reckless, incompetent driver such as Defendant Landers, could potentially cause grievous injury or potential death to others on a public roadway. Even with Defendant Landers being a reckless and incompetent driver, Defendant UPS still retained Defendant Landers, and proceeded with conscious indifference to the rights, safety, or welfare of Decedent Teresa Gaines and others.

### Gross Negligence Against Defendant Andrew Paige Landers

107.    Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

108.    Defendant Landers' acts or omissions described above, when viewed from the standpoint of Defendant Landers at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiffs and others.

109.    Here, Defendant Landers' acts and omissions caused grievous injuries and ultimately an untimely death to Decedent Teresa Gaines. Defendant Landers' acts or omissions involved an extreme degree of risk. Defendant Landers operated the Kenworth tractor-trailer, failed to pay proper attention to the collision that occurred before him, and drove his tractor-trailer into the left rear of the Honda Civic that Decedent Teresa Gaines was in. The probability and magnitude of the potential harm of this action, in this case being grievous injury and potential death, is the type of extreme degree of risk that gross negligence entails.

110.    Defendant Landers had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs and others.

111.    Here, Defendant Landers had a subjective awareness of the risk involved with driving a large, commercial tractor-trailer on a public roadway. Defendant Landers should have

known that driving negligently and with conscious indifference for human life could potentially cause grievous injury or potential death to others on a public roadway. Defendant Landers was a reckless and incompetent driver and proceeded with conscious indifference to the rights, safety, or welfare of Decedent Teresa Gaines and others, resulting in Decedent Teresa Gaines's untimely death.

## VIII. DAMAGES

112.    Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

113.    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs suffered substantial damages, including the following:

    a.   Physical pain and suffering in the past;

    b.   Physical impairment in the past;

    c.   Loss of future earning capacity;

    d.   Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

    e.   Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

    f.   Loss of Household Services in the past;

    g.   Loss of Household Services in the future;

    h.   Disfigurement in the past;

    i.   Mental anguish in the past; and

    j.   Funeral expenses.

114.  Plaintiffs plead the maximum amount of punitive damages allowed by law. Such amount is pled by Plaintiffs due to the egregious nature of Defendants' conduct and willful disregard for the life of Decedent Gaines and injuries to Plaintiffs, and Defendants' substantial financial wealth, inasmuch as the jury is asked to consider that an award of especially significant damages will have a negative economic effect on Defendants' businesses which would, in turn, have the positive effect of deterring Defendants and others like Defendants from operating their financially successful business at the expense of the lives of others.

115.      Furthermore, because Defendants knew or ought to have known, in light of the surrounding circumstances, that their conduct would naturally and probably result in injury or damage and continued the conduct with malice or in reckless disregard of the consequences, from which malice may be inferred, Plaintiffs are entitled to an award of punitive damages.

## IX. JURY DEMAND

116.  Plaintiffs demand that all issues of fact in this case be tried to a properly impaneled jury.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray the Defendants be cited to appear and answer herein, and upon a final hearing of the cause, judgment be entered for Plaintiffs against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court and exemplary damages, together with pre-judgment interest (from the date of the incident in dispute through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

/s/*Tanecka Moore*
Tanecka Moore
Box 999103
Clinton, MS 39060
taneckam@msn.com
Phone: (601) 842-6834
**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(d)(1)(B), this certifies that the foregoing has been served upon all parties through their counsel of record on the 29th day of November 2021.

Robert A. Cox, Esquire (MSB # 104711)
Ronna D. Kinsella, Esquire (MSB # 101884)
26 N. Second Street
Memphis, Tennessee 38103
(901) 527-4673 – Telephone
(901) 527-0940 – Facsimile
rcox@gwtclaw.com
rkinsella@gwtclaw.com

Jeremy Gaddy
3070 Green Valley Road
Birmingham, Alabama 35243
jgaddy@clarkmayprice.com

s/*Tanecka Y. Moore*
Tanecka Y. Moore