UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THE ESTATE OF TERESA GAINES,                                          PLAINTIFFS
ET AL.

V.                                           CIVIL ACTION NO. 3:21-CV-617-DPJ-LGI

FEDEX GROUND PACKAGE                                                  DEFENDANTS
SYSTEM, INC., ET AL.

ORDER

Defendant FedEx Corporation seeks dismissal for lack of personal jurisdiction in this case arising out of a fatal automobile accident. Mot. [9]. FedEx Corporation and FedEx Ground Package System, Inc., also ask the Court to strike Plaintiffs' First Amended Complaint. Mot. [28]. Because jurisdiction is lacking over FedEx Corporation, its motion to dismiss is granted. And because Plaintiffs filed their first amended complaint without leave of Court, the motion to strike [28] is also granted.

I.      Facts and Procedural History

On October 30, 2019, Teresa Gaines was traveling southbound on I-55 in Madison County, Mississippi, when her vehicle became disabled in the roadway. Her car was subsequently struck by two 18-wheeler tractor-trailers. The first was driven by Defendant Rashonda Latrice Keller, owned by Defendant ACR Trucking, Inc., and was allegedly hauling cargo for Defendant FedEx Ground Package System, Inc. The second was driven by Defendant Andrew Paige Landers, who was allegedly hauling cargo for Defendant UPS Professional Services, Inc.

The Estate of Teresa Gaines and her wrongful-death beneficiaries filed this lawsuit against those defendants plus FedEx Corporation in Madison County Circuit Court on June 30,

2021.  Landers removed the case to this Court on September 24, 2021, and on October 18, 2021, FedEx Corporation filed its motion to dismiss.  Defendant UPS Professional Services, Inc., likewise moved to dismiss the original complaint, and on November 29, 2021, Plaintiffs filed an Amended Complaint.  That pleading drew a second motion to dismiss from UPS and the FedEx entities' motion to strike.[1]

II.     Motion to Strike

Plaintiffs filed their first amended complaint without leave of Court or Defendants' agreement.  Federal Rule of Civil Procedure 15(a)(1) explains when that is permissible:

> A party may amend its pleading once as a matter of course within:
>
>> (A) 21 days after serving it, or
>>
>> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1).  After that, a party may amend a pleading "only with the opposing party's written consent or the court's leave." *Id.* R. 15(a)(2).

A complaint is a pleading to which a responsive pleading is required, so Rule 15(a)(1)(B) applies, yet Plaintiffs filed the first amended complaint more than 21 days after the first answer was filed on October 14, 2021.  Plaintiffs say this was permissible, at least as to UPS Professional Services, Inc., because they amended within 21 days of UPS's motion to dismiss.

> "Courts differ on when the clock starts for amending as a matter of right in cases where there are multiple defendants who have filed responsive pleadings or Rule 12(b), (e), or (f) motions." *Allen v. Vintage Pharm. LLC*, 5:18-CV-00329-TES, 2019 WL 542981, at *2–3 (M.D. Ga. Feb. 11, 2019).  The advisory committee's note to the 2009 amendment to Rule 15(a) recites that "[t]he 21-day periods to amend once as a matter of course after service of a responsive pleading or after service of a designated motion are not cumulative.  If a responsive pleading is served after one of the designated motions is served, for example, there is no new

---

[1] Plaintiffs later filed a second amended complaint, which United States Magistrate Judge LaKeysha Greer Isaac *sua sponte* struck on December 28, 2021.

> 21-day period." Fed. R. Civ. P. 15(a) advisory committee's note to 2009 amendment.
>
> Some courts in consideration of such note, have held that an amended complaint filed as a matter of right is effective only as to those defendants who have not filed a responsive pleading or defensive motion more than 21 days prior to the day the plaintiff filed the amended complaint . . . . *Allen*, 2019 WL 542981, at *3 (citing *Villery v. District of Columbia*, 277 F.R.D. 218, 219 (D.D.C. 2011)). "[O]ther courts have held that an amended complaint filed as a matter of right is ineffective as to *all* defendants if it is filed more than 21 days after the *first* responsive pleading or defensive motion is filed." *Id.* (citing *Rubenstein v. Keshet Inter Vivos Tr.*, No. 17-61019-Civ-WILLIAMS/TORRES, 2017 WL 7792570, at *3 (S.D. Fla. Oct. 18, 2017); *Williams v. Black Entm't Television, Inc.*, No. 13-CV-1459(JS)(WDW), 2014 WL 585419, at *3–4 (E.D.N.Y. Feb. 14, 2014)) (emphasis in original).

*Bowling v. Dahlheimer*, No. 4:18-CV-610, 2019 WL 5880590, at *2 (E.D. Tex. Aug. 7, 2019). The *Bowling* court adopted the latter approach, concluding that "the ability to amend as of right concludes 21 days after the first defendant files a responsive pleading or a motion under Rule 12(b), (e), or (f)." *Id.* (quoting *Allen*, 2019 WL 542981, at *3).

This Court agrees because the *Bowling* construction tracks "the unqualified language of the advisory committee notes" as well as Rule 15's text. *Id.* (quoting *Allen*, 2019 WL 542981, at *3)). As noted, Rule 15(a)(1)(B) starts the clock when a party files "*a* responsive pleading" or "*a* motion." (Emphasis added). Moreover, under Plaintiffs' construction, the case would proceed under two operative pleadings: the first amended complaint would apply to only UPS Professional Services, Inc., and the original complaint would remain operative for all other Defendants. That would unnecessarily complicate the docket and run counter to the Federal Rules' purpose of "secur[ing] the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. The motion to strike is granted.

Plaintiffs alternatively argue in their response that, "if the Court concludes leave was required to amend the complaint, the Court should grant leave." Pls.' Mem. [34] at 4. But under Local Rule 7(b)(3)(C), "[a] response to a motion may not include a counter-motion in the same

3

document.  Any motion must be an item docketed separately from a response." Should Plaintiffs wish to amend their complaint, they should file a motion for leave to amend that complies with Local Rule 15.  They will be given 14 days to do so.[2]

III.    FedEx Corporation's Motion to Dismiss

    A.    Standard

"When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the defendant." *Mink v. AAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999).  If the "district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a *prima facie* case that personal jurisdiction is proper.'" *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (quoting *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)).

In such an analysis, the Court accepts a plaintiff's "uncontroverted allegations" as true and resolves any factual conflicts in the plaintiff's favor. *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).  To make those determinations, the Court "may consider the contents of the record before the court at the time of the motion, including 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" *Quick Techs., Inc.*, 313 F.3d at 344 (quoting *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)).

---

[2] This holding necessarily moots UPS's second motion to dismiss [26] and the answer [27] to the amended complaint.  The Court recognizes the resulting inconvenience but concludes that it is better to clean the slate, allow Plaintiffs to seek leave to amend, and then go from there with all parties addressing the same complaint.

Finally, "[t]he prima-facie-case requirement does not require the court to credit conclusory allegations." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001). Nor may the plaintiff rely on the allegations in a complaint that are "contradicted by affidavits." *Wyatt v. Kaplan*, 686 F.2d 276, 283 n.13 (5th Cir. 1982) (holding that plaintiff failed to make *prima facie* case where defendant presented uncontradicted affidavits).

B.    Analysis

Personal jurisdiction has two requirements. "First, the nonresident defendant must be amenable to service of process under [the] State's long-arm statute. Second, the assertion of in personam jurisdiction must be consistent with the 14th Amendment's Due Process Clause." *Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 336 (5th Cir. 1999) (citation omitted). Because Plaintiffs fail at the first step, the Court need not address due process.

Mississippi's long-arm statute extends the personal jurisdiction of Mississippi's courts to nonresidents

> who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state.

Miss. Code Ann. § 13-3-57. Plaintiffs say FedEx Corporation "committed a tort in whole or in part in" Mississippi, *id.*, because Keller (the driver) "was acting within the scope of her employment in furtherance of business for FedEx Corporation" when the accident occurred, Compl. [1] ¶ 32; *see also id.* ¶ 46 (alleging that FedEx Corporation "entrusted the trailer [to] Keller, a reckless and incompetent driver"); *id.* ¶ 47 ("Defendant FedEx Corporation's negligence was the proximate cause of Plaintiff's [sic] damages.").

5

FedEx Corporation argues that this is factually untrue, and it presents evidence that it "did not hire, train, qualify, supervise, schedule, or employ Defendant Rashonda Latrice Keller." Def.'s Mot. [9] at 43 (DeSouza Decl. ¶ 4). Instead, FedEx Corporation "is a holding company with multiple wholly-owned subsidiaries," including Defendant FedEx Ground. *Id.* at 40 (Griffin Decl. ¶ 3).

So the question becomes whether FedEx Corporation's "corporate veil should be pierced"—as Plaintiffs contend—so that FedEx Ground's alleged conduct may be attributed to FedEx Corporation for purposes of assessing personal jurisdiction. Pls.' Mem. [18] at 5; *see Minn. Mining & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1265 (5th Cir. 1985) ("[A] court which has jurisdiction over a corporation has jurisdiction over its alter egos.").

Mississippi law governs whether the Court can pierce the corporate veil to exercise personal jurisdiction over FedEx Corporation. *Licea v. Curacao Drydock Co., Inc.*, 952 F.3d 207, 212 (5th Cir. 2015) (citing *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 586–88 (5th Cir. 2010); *Hargrave v. Fireboard Corp.*, 710 F.2d 1154, 1159 (5th Cir. 1983)). In Mississippi, "[c]ourts presume corporate separateness." *Davenport v. HansaWorld USA, Inc.*, 23 F. Supp. 3d 679, 697 (S.D. Miss. 2014); *accord Adm'rs of Tulane Educ. Fund v. Ipsen, S.A.*, 450 F. App'x 326, 329 (5th Cir. 2011) ("Th[e] court begins with a presumption that a subsidiary, even a wholly-owned subsidiary, is independent of its parent company for jurisdictional purposes. This presumption can be overcome by clear evidence." (citation omitted)). Thus, "the mere existence of a parent-subsidiary relationship is not sufficient to warrant the assertion of jurisdiction over the foreign parent." *Davenport*, 23 F. Supp. 3d at 697.

Here, Plaintiffs contend that FedEx Ground is a mere "instrumentality" of FedEx Corporation.  Pls.' Mem. [18] at 5.  But to survive Rule 12(b)(2) under an "'alter ego' or 'mere instrumentality'" theory,

> a plaintiff's complaint alleging a piercing of the corporate veil . . . [must] set[] forth factual allegations indicating:  (1) some frustration of expectations regarding the party [over which the Court has jurisdiction]; (2) the flagrant disregard of corporate formalities by the defendant corporation and its principals; and (3) a demonstration of fraud or other equivalent misfeasance on the part of the corporate shareholder.

*Canadian Nat'l Ry. Co. v. Waltman*, 94 So. 3d 1111, 1116–17 (Miss. 2012).³

As to the three-factors applied under Mississippi law, "the plaintiff must make sufficiently particularized allegations demonstrating the applicability of the piercing doctrine to the facts of the case."  *Canadian Nat'l Ry. Co.*, 94 So. 3d at 1116 (quoting *N. Am. Plastics, Inc. v. Inland Shoe Mfg. Co.*, 592 F. Supp. 875, 879 (N.D. Miss. 1984)).  Under these standards, "[p]iercing the corporate veil of a subsidiary to reach the parent corporation is not 'lightly undertaken.'"  *Buchanan v. Ameristar Casino Vicksburg, Inc.*, 957 So. 2d 969, 978 (Miss. 2007) (quoting *Johnson & Higgins of Miss. v. Comm'nr of Ins.*, 321 So. 2d 281, 285 (Miss. 1975)).

Plaintiffs neither allege nor establish the elements required to pierce the corporate veil.  They rely solely on the following facts:  (1) FedEx Corporation wholly owns FedEx Ground; (2) FedEx Corporation's website states that FedEx Corporation's "networks operate collaboratively to deliver the best service to customers without compromise," "compete collectively as a broad

---

³ Plaintiffs rely on the federal veil-piercing test, FedEx Corporation cites the state standard, and neither specifically addresses why their selected approach should apply.  In *Hanback v. GGNSC Southaven, LLC*, Judge Michael P. Mills concluded that federal courts siting in diversity should apply the Mississippi test and further observed that "Mississippi [c]ourts have not adopted the ten-factor test for piercing the veil applied by the federal courts."  No. 3:13-CV-00288-MPM, 2014 WL 3530613, at *5 (N.D. Miss. July 15, 2014) (applying Mississippi's three-factor test).  This Court agrees, but even under the ten-factor federal test, Plaintiffs have not demonstrated that the Court should pierce the corporate veil for the reasons explained in FedEx Corporation's reply.  *See* Def.'s Reply [25] at 7.

portfolio of customer solutions," and "are managed collaboratively, under the respected FedEx brand," Pls.' Exs. [18-1] at 31; and (3) FedEx Corporation's earnings report "includes the earnings of FedEx Ground," Pls.' Mem. [18] at 9 (citing Pls.' Exs. [18-1] at 33–50).

Even taken together, these facts fail to show a "flagrant disregard of corporate formalities." *Waltman*, 94 So. 3d at 1116; *see Diece-Lisa Indus., Inc. v. Disney Enters., Inc.*, 943 F.3d 239, 251 n.13 (5th Cir. 2019) ("[w]ebsite descriptions and SEC filings referring to a corporate parent and its subsidiaries as a singular finding, without more, [a]re 'insufficient to overcome the presumption of corporate separateness.'" (quoting *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 346 (5th Cir. 2004))). Nor is there any indication FedEx Corporation committed "fraud or other equivalent misfeasance." *Waltman*, 94 So. 3d at 1116.

Plaintiffs were required to make "*particularized* allegations demonstrating the applicability of the piercing doctrine to the facts of the case." *Id.* (emphasis added). Accepting as true the uncontroverted, nonconclusory allegations of the Complaint, Plaintiffs have fallen short of making a *prima facie* showing of personal jurisdiction. Plaintiffs cannot pierce the corporate veil to impute FedEx Ground's allegedly tortious conduct committed in Mississippi to FedEx Corporation. As such, they have not shown FedEx Corporation is subject to Mississippi's long-arm statute. The Court lacks personal jurisdiction over FedEx Corporation.

IV.  Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the foregoing reasons:

- The Motion to Strike Plaintiffs' Amended Complaint [28] is granted, and Plaintiffs' Amended Complaint is struck.

- The Answer [27] to the Amended Complaint is likewise struck.

- Because the First Amended Complaint is not the operative pleading, the Motion to Dismiss First Amended Complaint [26] is denied as moot.

- Should Plaintiffs wish to amend the Complaint, they must file a properly supported motion for leave to amend within 14 days (or obtain written consent from Defendants).

- UPS Professional Services, Inc.'s Motion to Dismiss [14] remains pending, but the Court will not address it until it knows whether Plaintiffs seek and are granted leave to amend; if so, UPS Professional Services, Inc., should take the same approach it took with the First Amended Complaint and file a separate motion.

- FedEx Corporation's Motion to Dismiss [9] is granted.

**SO ORDERED AND ADJUDGED** this the 25th day of March, 2022.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE